IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE:
JOHN LEON THOMAS, JR                      CASE NO. 10-21027
       Debtor

**TRUSTEE'S OBJECTION TO THE MOTION
TO APPROVE SETTLEMENT UNDER SEAL**

This day comes the Trustee and OBJECTS to the Debtor's MOTION FOR ORDERE APPROVING SETTLEMENT AND COMPROMISE OF ADVERSARY PROCEEDING AND ATTORNEY FEES in so far as the motion seeks to make the terms of the settlement confidential.  No basis in law exists for the terms of the settlement to be confidential  the failure to disclose the terms of the settlement denies creditors in the case a true picture of whether the plan as proposed meets the best interest of creditors test.

In support of this objection, the trustee asserts as follows:

1. The Debtor's counsel did provide to the Trustee copies of the confidential settlement agreement prior to the hearing.  The Trustee does object to the attempt to keep any terms of the settlement agreement confidential and not disclose on the record all terms of the settlement.  The Trustee does not object to the amount of attorney fees.  The Trustee does not have sufficient information to render an opinion on the amount of the settlement.

2. All Court records/pleadings are open to the public under 11 U.S.C. §107.  § 107(b) and (c)  authorizes bankruptcy courts to seal documents in only three specific circumstances.  The first exception authorizes a court to "protect an entity with respect to a trade secret or confidential research, development or commercial information." 11 U.S.C. § 107(b)(1). The second authorizes a court to "protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b)(2).  And the third

HMM\HLA

exception authorizes a court to prevent the disclosure of "means of identification" when "cause" exists to "protect an individual" from the "undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c)(1).

3. It is well-settled that settlement agreements are not generally the type of document that is subject to protection from public scrutiny under § 107. *In re Oldco M Corp,.* 466 B.R. 234, 238 (Bankr.S.D.N.Y. 2012) ("settlements are entitled to no greater protection that any other request for relief from bankruptcy courts."). See also *Geltzer v. Anderson Worldwide*, 2007 WL 273526 at *3 (S.D.N.Y.2007); *In re Alterra Healthcare Corp.*, 353 B.R. 66,67 (Bankr.D.Del. 2006); *In re Analytical Systems, Inc.*, 83 B.R. 833,836 (Bankr.N.D.Ga. 1987).

4. The amount of a litigation settlement is not protected commercial information. See *Geltzer,* 2007 WL 273526 at *3 (to characterize the terms of a settlement agreement as confidential commercial information "constitutes a rather remarkable and untenable redefinition of 'commerce.'")

5. The proceeds of the claim are property of the estate pursuant to 11 U.S.C. §1306. The debtor's original Schedule C does not claim an exemption in any portion of the claim. The debtor filed AMENDED SCHEDULES B AND C on June 6, 2014 which lists settlement proceeds of $7500 and exempts proceeds in the amount of $7500.

6. The terms of the settlement are necessary for the trustee and creditors in the case to make a determination as to whether the plan meets the best interest of creditors test. There are unsecured claims in the amount of $13,082.22 in this case. The plan will make an 3% distribution to unsecured creditors without proceeds from the claim.

WHEREFORE, the trustee prays that the Court deny request for confidentiality of the terms of the settlement agreement.

/s/Susan Cannon-Ryan
Helen M. Morris, Trustee
State Bar No 2637
Susan Cannon-Ryan, Staff Attorney
State Bar No. 619
P.O. Box 8535
South Charleston, WV  25303
(304) 744-6730

CERTIFICATE OF SERVICE

      The undersigned does hereby certify that a true copy of the attached document was served upon the following parties in interest on the date that this document was filed with the Court by the method shown below.  Service by mailing a true copy via U.S. First Class mail with postage pre-paid:

      John Leon Thomas
      5076 Big Tyler Road
      Cross Lanes, WV   25313

      Those parties who requested electronic service by filing notice with the Clerk's office were served by electronic transmission.


/s/Susan Cannon-Ryan
Helen M. Morris, Trustee
State Bar No 2637
Susan Cannon-Ryan, Staff Attorney
State Bar No. 619
P.O. Box 8535
South Charleston, WV   25303
(304) 744-6730